IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Justin Michael Oxendine, | ) | Case No.: 2:21-cv-00343-JD-MGB |
| Petitioner, | ) | |
| vs. | ) | **OPINION & ORDER** |
| Warden of FCI Williamsburg, | ) | |
| Respondent. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Mary Gordon Baker ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Justin Michael Oxendine ("Oxendine" or "Petitioner"), proceeding *pro se* and *in forma pauperis*, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 seeking prior custody credit against his federal sentence for time spent in state custody from August 29, 2018, through June 17, 2019. (DE 1.)

On July 7, 2021, Respondent Warden of FCI Williamsburg ("Respondent") filed a Motion for Summary Judgment alleging *inter alia* that Oxendine failed to exhaust administrative remedies before filing the instant Petition. (DE 17, p. 2.) The Magistrate issued a Roseboro Order on July 7, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (DE 18.) Petitioner failed to respond.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Further, on August 17, 2021, the Magistrate issued an Order extending the deadline for Petitioner to file a response to the Motion for Summary Judgment to September 6, 2021. (DE 20.) Petitioner was specifically advised that if he failed to respond, this action could be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Petitioner has still failed to respond. The Report and Recommendation was issued on August 10, 2021, recommending the case be dismissed with prejudice. (DE 22.)

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Further, it is **ORDERED** that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

   **IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 1, 2021

3

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3